CHRISTENSEN JAMES & MARTIN
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
E-mail: kbchrislaw@aol.com
SARA D. COPE, ESQ.
Nevada Bar No. 10329
E-mail: saradcope@gmail.com
7440 W. Sahara Ave.
Las Vegas, NV 89117
Tel.: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST HEALTH & WELFARE FUND by and through its designated fiduciary, Todd Koch; PAINTERS & DECORATORS JOINT COMMITTEE; PAINTERS VACATION FUND; PAINTERS APPRENTICE TRAINING TRUST FUND; PAINTERS INDUSTRY PROMOTION FUND; PAINTERS JCIP FUND; PAINTERS ORGANIZING FUND; PAINTERS LABOR MANAGEMENT CONTRACT FUND, by and through their designated fiduciaries John Smirk and Thomas Pfundstein; and IUPAT PENSION FUND by and through its designated fiduciary Gary J. Meyers,<br><br>Plaintiffs,<br><br>v.<br><br>GREENE CONSTRUCTION, INC., a Nevada Corporation fka MKG Construction; MICHAEL K. GREENE, an individual; GREAT AMERICAN INSURANCE COMPANY, a Foreign Corporation; John Does I-X; and Doe Entities I-X, inclusive,<br><br>Defendants. | Case No. 2:08-cv-01611-HDM-RJJ<br><br><br><br>**AMENDED JUDGMENT BY CONFESSION**<br><br><br><br>Date: N/A<br>Time: N/A |

Pursuant to the express Amended Stipulation for Entry of Judgment by Confession ("Stipulation") between the parties hereto, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      The Plaintiffs/Judgment Creditors, Employee Painters Trust Health & Welfare Fund by and through its designated fiduciary, Todd Koch; Painters & Decorators Joint Committee; Painters Vacation Fund; Painters Apprentice Training Trust Fund; Painters Industry

Promotion Fund; Painters JCIP Fund; Painters Organizing Fund; Painters Labor Management Contract Fund, by and through their designated fiduciaries John Smirk and Thomas Pfundstein; and IUPAT Pension Fund by and through its designated fiduciary Gary J. Meyers ("Plaintiffs/Judgment Creditors" or "Trust Funds"), and by and through their Counsel, Christensen James & Martin, shall take this Amended Judgment by Confession ("Judgment") against the Defendants/Judgment Debtors, Greene Construction, Inc. ("GCI"), a Nevada Corporation fka MKG Construction, and Michael K. Greene ("M Greene"), an individual (GCI and M Greene collectively referred to as "Defendants/Judgment Debtors") in the sum of Twenty-Two Thousand Thirteen and 69/100 Dollars ($22,013.69) ("Judgment Amount"), together with any after-accruing delinquencies owed to the Trust Funds by Defendants/Judgment Debtors. Plaintiffs/Judgment Creditors and Defendants/Judgment Debtors shall collectively be referred to as the "Parties." This Judgment shall amend and replace the Judgment by Confession executed by the Parties on April 17, 2009.

The Judgment Amount shall bear interest from the date of the Stipulation at the rate of Twelve Percent (12%) per annum over the period of the payoff and until the Judgment is paid in full to Plaintiffs/Judgment Creditors. This Judgment Amount includes settlement of known claims for accrued interest, liquidated damages, and attorney's fees and court costs related to untimely paid contribution reports for the months of April 2008 through December 2009, pursuant to the terms of a collective bargaining agreement ("Labor Agreement") between Defendants/Judgment Debtors and the International Union of Painters and Allied Trades Local Union No. 159 ("Union"), and includes amounts owed under the Stipulation executed contemporaneously herewith and incorporated herein by this reference, as though fully set forth hoc verba.

    2.    The Judgment Amount shall be paid to the Plaintiffs/Judgment Creditors as third party beneficiaries under the Union Labor Agreement.

    3.    Subject to the reservations set forth in Subparagraph 3(C) below, the Judgment amounts and obligations set forth herein shall be paid to Plaintiffs/Judgment Creditors by the Defendants/Judgment Debtors as follows:

        A.    An initial down-payment due upon execution of the Stipulation and this

Judgment in the sum of One Thousand One Hundred Fifty-Four and 60/100 Dollars ($1,154.60), followed by twenty-two (22) consecutive monthly payments commencing on March 15, 2010 and ending with a final payment on December 15, 2011, each in the sum of Five Hundred Seventy-Seven and 30/100 Dollars ($577.30) made payable each month in three (3) separate certified checks to the Trust Funds as follows:

    1) The "Painters Joint Committee" in the amount of $167.40;

    2) The "IUPAT Pension Trust" in the amount of $202.10; and

    3) The "Painters Health & Welfare" in the amount of $207.80.

B.    Upon Plaintiffs/Judgment Creditors' timely receipt and negotiation of payment of the entire Judgment (i) this obligation will have been satisfied and Plaintiff/Judgment Creditors shall deliver to Defendants/Judgment Debtors a written Release and Satisfaction of Claims, and (ii) liquidated damages accrued through December 2009 in the sum of Nine Thousand Seven Hundred Forty-Nine and 81/100 Dollars ($9,749.81) shall be waived ("Liquidated Damage Waiver"). Upon Defendants' failure to remit all payments required by this Judgment in a timely manner, the Liquidated Damage Waiver shall be deemed revoked and Defendants shall be obligated to pay all such Liquidated Damages to the Trust Funds.

C.    The following potential claims are reserved by the Trust Funds: (i) any claims unrelated to the Judgment amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by any of the Trust Funds for additional contributions and related damages that may be due and owing to any of the Trust Funds pursuant to the provisions of any collective bargaining agreement to which Defendants/Judgment Debtors may be bound that requires the payment of contributions to the Trust Funds; (ii) the obligation of Defendants/Judgment Debtors or any trade or business under common control of the Defendants/Judgment Debtors (to the extent Defendants/Judgment Debtors or any trade or business under common control with the Defendants/Judgment Debtors has any obligation) to pay, and the rights of the Trust Funds to assess and collect, withdrawal liability pursuant to 29 USC § 1381 et. seq. (including the use of Defendants/Judgment Debtors' contribution history for purposes of

calculating any withdrawal liability); and (iii) any additional claims discovered by Audit for any past, present or future Audit period.

        D.      The sum of Nine Thousand Seven Hundred Forty-Nine and 81/100 Dollars ($9,749.81) ("Judgment Waiver Amount") has been deducted from the Judgment Amount in calculating the initial down-payment and twenty-two (22) consecutive monthly payments set forth in Subparagraph 3(A) above. The Judgment Waiver Amount has been conditionally waived by the Plaintiffs/Judgment Creditors, which consists of accrued liquidated damages, subject to Defendants/Judgment Debtors' timely remittance of the payments set forth in Subparagraph 3(A), above. In the event Defendants/Judgment Debtors fail to remit timely payments as required, the Judgment Waiver Amount shall not be deducted as a credit against the declining principal balance of the Judgment and shall be immediately due and payable to the Trust Funds.

       4.      Defendants/Judgment Debtors shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring any prepayment penalty.

       5.      Filing of and execution of the Stipulation and this Judgment shall be stayed through December 15, 2011, provided that payment in full shall have been made by Defendants/Judgment Debtors in accordance with the terms of Paragraph 3, above, and subject to the default terms of Paragraph 8.

       6.      The payments required herein shall be made payable as described in Paragraph 3(A) above and remitted to Plaintiffs/Judgment Creditors' attorneys, Christensen James & Martin at 7440 W. Sahara Ave., Las Vegas, Nevada, 89117, or at such other location as Defendants/Judgment Debtors are notified in writing.

       7.      Defendants/Judgment Debtors shall forthwith execute and submit the following documents, as indicated, to Plaintiffs/Judgment Creditors' attorney on or before February 15, 2010:

       A.      the Stipulation; and

       B.      this Judgment.

       8.      Should Defendants/Judgment Debtors fail to satisfy any of the conditions in Paragraphs 1,2,3,4,5,6,7,8,9,10 and/or 13, written notice of such default ("Notice") shall be

immediately delivered to Defendants/Judgment Debtors at 2532 Vera Cruz Circle, Henderson, Nevada 89074 and Defendants/Judgment Debtors' attorney, Tony M. May, P.E., Esq., Of Counsel, Hansen Rasmussen, LLC, 1835 Village Center Circle, Las Vegas, NV 89134. If Defendants/Judgment Debtors thereafter fail to make the required payment(s) or otherwise fail to comply with the conditions of Paragraphs 1,2,3,4,5,6,7,9,10 and/or 13 within ten (10) days of the date of such Notice, Plaintiffs/Judgment Creditors shall have the unconditional and immediate right to file the Stipulation and the Judgment with the United States District Court, and may execute upon the same for whatever amount then remains due and owing, without further notice to Defendants/Judgment Debtors, or their attorney, or Order from this Court, and Plaintiffs/Judgment Creditors shall be entitled to pursue any licensing and/or surety bond issued to the Defendants/Judgment Debtors for whatever amount then remains due and owing, including the licensing/surety bond issued to Defendant/Judgment Debtors by Defendant Great American Insurance Company (Bond No. FS9161313) in the amount of Twenty Thousand Dollars ($20,000.00). In the event, of Defendants/Judgment Debtors' default and failure to cure, Plaintiffs/Judgment Creditors shall also be entitled to recover the Judgment Waiver Amount, defined in Subparagraph 3(D), above, together with any accrued unpaid contributions, liquidated damages, attorney's fees, court costs and default interest on any unpaid Judgment balance at the rate of fifteen percent (15%) from the default date until paid in full.

9. The Judgment balance shall be increased by, paid and include the amount of any unpaid contributions, liquidated damages, accrued interest, audit costs, court costs and attorney's fees owed to the Plaintiffs/Judgment Creditors by Defendants/Judgment Debtors, as determined by Audit and/or any after-accruing unpaid contributions and damages for Defendants/Judgment Debtors' non-payment of reports during any relevant period of the Labor Agreement.

10. During the payout term of this Judgment and such period as Defendants/Judgment Debtors may be signatory to a collective bargaining agreement with the Union, and commencing with the contribution report and payment owed for January 2010 due on or before February 15, 2010, Defendants/Judgment Debtors shall remain current and submit timely monthly reports and payments of contributions to the Trust Funds.

11. Plaintiffs/Judgment Creditors' Release and Satisfaction of Claims in favor of

1 Defendants/Judgment Debtors shall not be executed nor delivered until all obligations under ths
2 Judgment have been fully performed.

3     12.     Defendants/Judgment Debtors have consulted an attorney of their choice and fully
4 understand the obligations and consequences of this Judgment and the documents and
5 agreements described herein.

6     13.     Defendants/Judgment Debtors shall submit monthly payroll reports on the
7 fifteenth (15th) day of each month, identifying all of their covered employees and hours worked
8 during the month, to the Trust Funds, c/o Zenith Administrators at 111 W. Cataldo Ave., Ste 220,
9 Spokane, Washington 99201, during the period of the Judgment payout commencing February
10 15, 2010.

11     14.     Upon completion of such Judgment Obligations, Plaintiffs/Judgment Creditors
12 shall dismiss their Complaint with Prejudice against all parties, including any related claims
13 asserted against Defendants/Judgment Debtors and Defendant Great American Insurance
14 Company.

LANCE S. WILSON                                   9/13/10
CLERK                                                              DATE
*Lance S. Wilson*
(By) DEPUTY CLERK

Approved and Submitted by:

                                                           CHRISTENSEN JAMES & MARTIN

Dated: February 16, 2010.                       By:
                                                           Sara D. Cope, Esq.
                                                           *Attorneys for Plaintiffs*

**[Signatures Continued on Next Page]**

[Signatures Continued from Previous]

Approved as to Form and Content:

TONY M. MAY, P.E., ESQ.

Dated: February ____, 2010.       By: _____
                                       Tony M. May, P.E., Esq.
                                       Of Counsel
                                       Hansen Rasmussen, LLC
                                       1835 Village Center Circle
                                       Las Vegas, NV 89134
                                       *Attorney for Defendants*

GREENE CONSTRUCTION, INC.

Dated: February 15, 2010.          By: _____
                                       Michael K. Greene, President


Dated: February 15, 2010.          By: _____
                                       Michael K. Greene, Individually

[Signatures Continued from Previous]

Approved as to Form and Content:

Dated: February 17th, 2010.

TONY M. MAY, P.E., ESQ.

By: _____
Tony M. May, P.E., Esq.
Of Counsel
Hansen Rasmussen, LLC
1835 Village Center Circle
Las Vegas, NV 89134
*Attorney for Defendants*

Dated: February 15, 2010.

GREENE CONSTRUCTION, INC.

By: _____
Michael K. Greene, President

Dated: February 15, 2010.

By: _____
Michael K. Greene, Individually

OATH AND VERIFICATION

State of Nevada      )
                     : ss.
County of Clark      )

Michael K. Greene, individually and as President of Greene Construction, Inc., being first duly sworn upon oath, do verify and declare that:

1. Entry of this Amended Judgment by Confession ("Judgment"), according to its provisions, is duly authorized; and

2. The monies due and owing and the basis for said Judgment are accurately set forth in the Amended Stipulation for Entry of Judgment by Confession and this Judgment.

Further your affiant sayeth naught.

_____
Michael K. Greene, individually and as President of Greene Construction, Inc.

Subscribed and Sworn before me this 10 day of February, 2010.

_____
Notary Public

NATALIE LARSON
Notary Public - State of Nevada
Appointment Recorded in Clark County
No. 01-69738-1  My Appointment Expires Aug. 6, 2013

-8-